MAR 05 '96 03:54PM USAO

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
NOV 29 1995
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Cr. No. 95-30031-01 |
| VS. | * | 18 U.S.C. §371 - conspiracy |
| | * | 18 U.S.C. §1343 - wire fraud |
| | * | JUDGE MELANÇON |
| PETER SOUTHWICK KNOLL | * | MAGISTRATE JUDGE SIMON |

INDICTMENT

96-5048-AEW

THE GRAND JURY CHARGES

COUNT ONE

FILED by _____
MAR 6 1996
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.   W.P.B.

A. **Introduction**

AT ALL TIMES MATERIAL HEREIN:

1. Defendant PETER SOUTHWICK KNOLL and Gary Lane Lowery were not employees of Northwest or Delta Airlines or any travel agency.

2. The Pre-Paid Ticket Advice ("PTA") system operates in the following manner: A travel agency calls an airline, providing the agency's authorized code numbers, and tells the airline that payment has been received from a customer for an airline ticket, a PTA ticket. Other information necessary to issue the ticket, including passenger name and itinerary, is provided to the airline. The airline authorizes the requested ticket which can be picked up by the traveler at any of that airline's ticket counters, usually at an airport.

3. Through airline billing procedures, which uses an area bank designated as a clearing house for transactions with travel agencies, the travel agency which requested the ticket is debited

and the issuing airline is credited with the purchase price of the ticket.

B. The Conspiracy:

1. From on or about the 15th day of November, 1992, and continuing until on or about the 2nd day of December, 1992, in the Western District of Louisiana and elsewhere, defendant PETER SOUTHWICK KNOLL and Gary Lane Lowery, and others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to commit an offense or offenses against the United States, to wit: Title 18, United States Code, Section 1343, that is, to defraud various commercial airlines by means of false and fraudulent pretenses, representations and promises which defendant PETER SOUTHWICK KNOLL knew were false and fraudulent when made, and which scheme is further described in the following paragraph.

2. During numerous telephone conversations between defendant PETER SOUTHWICK KNOLL and Gary Lane Lowery, defendant would inform Mr. Lowery that he (defendant) wanted a pre-paid PTA airline ticket to and/or from designated locations. Mr. Lowery would then contact an airline and advise them that he was an agent at a travel agency. He would provide the airline with a travel agency identification number and a PTA ticket number which had been earlier obtained by Lowery from an airline under false pretenses. Based upon this information, the airline would issue a PTA ticket. When the travel agency did not remit payment for the issued PTA ticket, the airline would discover that the PTA ticket number and other information was already used by a

legitimate traveler. The airline would not receive payment for the PTA ticket and thus suffer a loss. Defendant PETER SOUTHWICK KNOLL would pay Gary Lane Lowery a small fraction of the actual value of the PTA ticket.

C. The Object of the Conspiracy:

It was part of the conspiracy that PETER SOUTHWICK KNOLL and Gary Lane Lowery, and others known and unknown to the Grand Jury, devised a scheme and artifice to defraud various commercial airlines and to obtain pre-paid tickets without submitting any payment, by means of false and fraudulent pretenses, representations and promises. The primary object of the conspiracy was to obtain pre-paid tickets without submitting any payment.

D. The Overt Acts

In furtherance of the conspiracy and to effect the object thereof, the defendant performed or caused to be performed the following overt acts, among others, in the Western District of Louisiana, and elsewhere:

The allegations contained in Counts Two and Three of this Indictment are alleged and incorporated as though fully set forth herein as separate overt acts.

The conspiracy set forth herein, and the above described overt acts, being in violation of Title 18, Untied States Code, Section 371. [18 U.S.C. §371]

## COUNT TWO

The allegations of Count One, paragraphs A, B and C, are re-alleged and incorporated by reference as though set forth in full

herein as the scheme to defraud;

On or about November 15, 1992, in the Monroe Division of the Western District of Louisiana and elsewhere, the defendant, PETER SOUTHWICK KNOLL, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, did transmit or cause to be transmitted, in interstate commerce from the State of Louisiana, to the State of New York, by means of a wire communication, certain sounds, that is, a telephone conversation, all in violation of Title 18, United States Code, Section 1343. [18 U.S.C. §1343]

## COUNT THREE

The allegations of Count One, paragraphs A, B and C, are re-alleged and incorporated by reference as though set forth in full herein as the scheme to defraud;

On or about December 2, 1992, in the Monroe Division of the Western District of Louisiana, the defendant, PETER SOUTHWICK KNOLL, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, did transmit or cause to be transmitted, in interstate commerce from the State of Louisiana to the State of Florida, by means of a wire communication, certain sounds, that is, a telephone conversation, all in violation of Title 18, United States Code, Section 1343. [18 U.S.C. §1343]

A TRUE BILL:

*Margaret P Hunter*
GRAND JURY FOREMAN

MICHAEL D. SKINNER
United States Attorney

By: *Martha J. Levardsen*
MARTHA J. LEVARDSEN, Bar ID #17691
Assistant United States Attorney